Joseph A. Suozzi, J.
On this application for an order pursuant to article 78 of the Civil Practice Act, the respondent Secretary of State in her answer, and the respondent R. & L. Recreation Corp., pursuant to section 1293 of the Civil Practice Act, move to dismiss the petition as insufficient.
The respondent R. & L. Recreation Corp. has applied to the Secretary of State for a license to operate a billiard room in the Village of Lynbrook. The petitioner herein wants a public hearing to be held before the issuance of a license. It admits (par. “3”) that the Secretary of State is vested with sole *548 authority to grant or to deny licenses by article 31 of the Penal Law, but it contends that in order to determine whether there be “ cause ” for refusing a license, a public hearing should be held at which all interested persons may be heard. It also contends that if the petitioner is not entitled to a hearing, that article 31 of the Penal Law is unconstitutional.
This proceeding pursuant to article 78 to direct an administrative official to conduct a public hearing is in its nature a mandamus type proceeding. To prevail, the petitioner must state facts to show the noncompliance by the respondent Secretary of State with a duty specifically enjoined by law.
Section 345 of article 31 of the Penal Law provides for (1) the reception by the Secretary of State of applications for licenses, and (2) the approval, or refusal “ for cause”, of a license. It further provides for a “ hearing ” when any license is to be suspended or revoked. But it does not direct the Secretary of State to hold a public hearing before a license is issued.
As stated in Matter of Fink v. Cole (1 N Y 2d 48, 51-52): “ The Legislature does not provide for a hearing procedure. * * * Under such circumstances, there is no statutory or implied requirement for a hearing.”' While there may be situations affecting property rights in which a hearing has been implied where the statute was silent (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468), the instant situation does not fall into the category requiring such hearing (see Matter of O’Brien v. Commissioner of Educ. of State of N. Y., 3 A D 2d 321, appeal dismissed 4 N Y 2d 140).
Insofar as it is contended that the statute is unconstitutional, it may be observed that the petitioner in seeking to compel the performance by the Secretary of State of a duty imposed by law, may not attack the law which authorizes the Secretary to proceed as unconstitutional. As stated in Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, 519-520): “ It is a general rule that a party cannot, in the same proceeding, rely upon a statute or retain benefits thereunder and attack its constitutionality. * * * The proper way to raise the constitutional question is by way of a separate action or proceeding ”.
Accordingly, as I find that the petition does not allege facts to show the failure of the respondent Secretary of State to perform a duty imposed by law, the petition is dismissed.